THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

October 20, 1966

Honorable Preston Smith
Lieutenant Governor
Capitol Station
Austin, Texas

Dear Mr. Smith:

Opinion No. C-774

Re: Traveling expenses of
a member of Statutory
Revision Advisory Com-
mittee created by Arti-
cle 5429b-1, Vernon's
Civil Statutes.

You have requested our opinion as to whether the State
may properly pay the traveling expenses incurred by a member of
the Statutory Revision Advisory Committee created by Article
5429b-1, Vernon's Civil Statutes, in coming from out of state
to attend a committee meeting in Austin.

Your request for an opinion states that the member
involved is on the faculty of the Southern Methodist University
Law School, and at the present time has joined the faculty of
the Yale Law School pursuant to a fellowship grant. The member
was granted a leave of absence by Southern Methodist Univer-
sity Law School and is presently engaged in the performance of
his duties at Yale Law School in New Haven, Connecticut.

The Statutory Revision Advisory Committee was created
by the provisions of Article 5429b-1, Vernon's Civil Statutes.
Section 3, relating to traveling expenses, provides as follows:

"(a)  A Statutory Revision Advisory Committee
shall be appointed by the Chairman of the Texas
Legislative Council to consult with and advise the
Council with respect to matters relating to the
classification and arrangement of the statutes,
the numbering system to be used and the preparation
of a revisor's manual.  The Advisory Committee
shall consist of seven (7) members, who shall serve
without compensation but shall be allowed actual
expenses incurred in attending official meetings
of the Committee.  All such expenses incurred shall
be paid out of any funds appropriated to the Texas
Legislative Council.  The Advisory Committee shall
select one of its members as chairman, and shall
meet at the call of the Chairman of the Texas Legis-
lative Council.  The Committee shall include repre-

sentatives of the State Bar of Texas, the judiciary, and the Texas Law Schools. The Advisory Committee shall serve for a period of two (2) years from the date of appointment." (Emphasis added)

There is no provision in Article 5429b-1 requiring a member of the Committee to be a resident of Texas. Section 3 provides that such members shall be allowed their actual expenses incurred in attending official meetings of the Committee. As you have observed in your request, while the member involved is domiciled in Texas, his temporary residence is in New Haven, Connecticut. Therefore, the actual expenses incurred by such member to attend an official meeting in Austin would involve traveling from New Haven, Connecticut, to Austin, Texas, and returning to New Haven, Connecticut, to perform his duties at Yale Law School. It is, therefore, our opinion that under the express provisions of Article 5429b-1, the member of the Statutory Revision Advisory Committee involved in your request is entitled to his actual expenses incurred in traveling from New Haven, Connecticut, to Austin, Texas, in attending an official meeting of the Statutory Revision Advisory Committee and returning to New Haven, Connecticut.

## S U M M A R Y

Under the provisions of Article 5429b-1, Vernon's Civil Statutes, a member of the Statutory Revision Advisory Committee is allowed actual expenses incurred in attending official meetings of the Committee and includes a member temporarily residing outside the State. Such actual expenses would include traveling from his temporary residence to the official meeting of the Committee and returning to his temporary residence.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *John Reeves*
John Reeves
Assistant Attorney General

JR:mh

APPROVED:

Hon. Preston Smith, page 3 (C-774)


OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
Kerns Taylor
Pat Bailey
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright